# JOHN V. GOBERSHOCK v. McLEOD COUNTY TELEPHONE COMPANY.[1]

June 23, 1911.

Nos. 17,136—(172).

**Sagging of telephone wire — question of negligence.**

In an action for personal injury caused by plaintiff, while riding on the top of a box car, coming in contact with defendant's wire, the court did not err in submitting to the jury the question of negligent maintenance of the wire, and a verdict of $3,000 was not excessive. [Reporter.]

Action in the district court for McLeod county to recover $25,000 for personal injuries. The answer was a general denial. The case was tried before Morrison, J., and a jury which returned a verdict in favor of plaintiff for $3,000. From an order denying defendant's motion to set aside the verdict and for a new trial, it appealed. Affirmed.

C. M. Tifft and W. C. Odell, for appellant.

Larrabee & Davies, for respondent.

PER CURIAM.

Defendant strung its telephone wire over and across the tracks of the Chicago, Milwaukee & St. Paul Railway Company at Glencoe. Plaintiff was in the employ of the railroad company as a freight conductor. On approaching Glencoe on a regular trip of his train, plaintiff was upon the top of the one of the box cars therein, and was caught by the wire of the telephone company and injured. The wire came in contact with his face and upon the bridge of his nose, extending across his left eye; the principal injury being to that organ, particularly to

[1]Reported in 131 N. W. 1133.

115 M.—34.

the nerves thereof. He subsequently brought this action to recover for the injuries so received. A verdict was returned in his favor for $3,000. Defendant appealed from an order denying a new trial. A careful examination of the record presents no reversible error.

The complaint alleged a negligent construction of the wire over the tracks, and also a negligent maintenance thereof. The evidence tended to show that, although properly constructed and at a sufficient height above the track to avoid contact with railroad employees when upon box cars, it had become out of order and sagged down so low as to endanger the safety of the railroad men, and that it had remained in that condition for ten days or two weeks prior to the accident to plaintiff. We discover no error in submitting the question of improper and negligent maintenance of the wire to the jury. It was sufficiently charged in the complaint. The evidence made a case for the jury upon the facts.

Defendant was out of employment in consequence of his injury for about a year, and this, in connection with such suffering as he endured and the expenses incident to his treatment, precludes a holding by this court that the verdict is excessive.

Order affirmed.